IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSHALL CARMICHAEL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | N0. 07-3993 |
| GERALD L. ROZUM, et al | : | |

**MEMORANDUM RE: PETITIONER'S OBJECTIONS TO THE
MAGISTRATE'S REPORT AND RECOMMENDATION**

**Baylson, J.**                                                                 **July 18, 2008**

## I.      Introduction

Petitioner, Marshall Carmichael ("Carmichael"), filed a federal Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  The undersigned referred the case to Magistrate

Judge Jacob P. Hart for a Report and Recommendation ("R&R") on the merits.  Magistrate Judge

Hart filed his R&R (Doc. No. 8) on December 18, 2007, and presently before the Court are

Petitioner's Objections, which he timely filed on February 4, 2007, after having been granted an

extension of time and the Respondent's Response to the R&R (Doc. No. 13).

Upon independent and thorough review, and for the reasons stated below, this Court

denies Petitioner's objections and accepts Magistrate Judge Hart's R&R.

## II.     Background

### A.      Procedural History

Petitioner was convicted on February 14, 1997 in the Court of Common Pleas of

Philadelphia County of four counts of aggravated assault, two counts of recklessly endangering

another person, one count of criminal conspiracy, one count of carrying firearms on a public street and one count of possessing an instrument of crime.  Judge Greenspan sentenced petitioner to four consecutive terms of seven to twenty years imprisonment and one concurrent term of four to ten years imprisonment.  Petitioner made a motion for reconsideration of his sentence which was denied April 3, 1997.  Petitioner appealed to the Pennsylvania Superior Court, which vacated his sentence and remanded for re-sentencing because the trial court had erred in its application of the Pennsylvania deadly weapon enhancement statute.  Following remand, on July 16, 1998, the trial court sentenced Petitioner to consecutive terms of nine to twenty years, five to ten years, five to twenty years, five to twenty years, and two to ten years imprisonment, for a total of 26-80 years.

On November 13, 1998, Carmichael filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), with an amended petition being filed by appointed counsel on March 31, 1999.  The Petitioner's direct appeal rights were subsequently reinstated on April 5, 1999 and he proceeded with a direct appeal of the sentence imposed after remand.  This appeal was ultimately dismissed without prejudice to his right to file a PCRA petition.  Petitioner filed a second PCRA petition on July 31, 2001, and his direct appeal rights were again reinstated on April 18, 2002.  Petitioner proceeded with a direct appeal to the Pennsylvania Superior Court claiming ineffective assistance of counsel.  The Superior Court affirmed Petitioner's conviction and sentence on February 20, 2003.  Commonwealth v. Carmichael, 818 A.2d 508 (Pa. Super. 2003).  Petitioner did not seek review by the Pennsylvania Supreme Court.

Petitioner filed a third PCRA petition on June 4, 2004, which was dismissed as untimely on June 23, 2005.  Petitioner appealed this decision to the Pennsylvania Superior Court and his

appeal was denied.  Commonwealth v. Carmichael, 911 A.2d 178 (Pa. Super. 2006).  Petitioner's

motion for reargument was denied and the Pennsylvania Supreme Court denied allocatur on May

1, 2007.  Commonwealth v. Carmichael, 923 A.2d 409 (Pa. 2007).

Petitioner filed the instant Petition for Writ of Habeas Corpus (Doc. No. 1) on September

19, 2007, and makes the following claims: 1) ineffective assistance of trial counsel and 2)

ineffective assistance of appellate counsel.  The Respondent filed a response to Carmichael's

petition on December 14, 2007 (Doc. No. 7).  Magistrate Judge Hart filed his R&R (Doc. No. 8)

on December 19, 2007.  Petitioner filed his Objections and Response to the R&R (Doc. No. 11)

on February 4, 2008, and the Respondent filed its Response to Petitioner's Objections on March

17, 2008.

### B.       Summary of the Magistrate Judge's R&R

The R&R found that Carmichael's Petition for a Writ of Habeas Corpus was time-barred

in its entirety under the statute of limitations contained in the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA").  According to the R&R, Petitioner's conviction became final

on March 23, 2003, when his time for filing a petition for allocatur to the Supreme Court of

Pennsylvania regarding the February 20, 2003, decision of the Pennsylvania Superior Court,

expired.  The R&R found that Petitioner's June 4, 2004, PCRA petition and the associated

appeals did not toll the limitations period because it was deemed untimely by the state court and

because the federal limitations period had already expired prior to his filing of that petition.  The

R&R also found that Petitioner did not qualify for equitable tolling of the statute of limitations as

allowed by AEDPA under the standards established by the Third Circuit.

III.     **Parties' Contentions**

A.       **Petitioner's Objections**

Petitioner objects to the R&R on several grounds.  First, Petitioner argues that the R&R is incorrect either because it implies that the statute of limitations had begun to run prior to his judgment becoming final or in stating that his third PCRA petition did not toll the AEDPA statute of limitations.  Second, Petitioner argues that the R&R erroneously calculates the date by which a PCRA petition, or a petition for writ of habeas corpus, needed to be filed after the denial of his appeal on February 20, 2003.  Petitioner argues that his judgment did not become final until May 21, 2003, and that the date used by the R&R failed to consider the time he had to appeal the U.S. Supreme Court.  Third, Petitioner argues that he should be eligible for equitable tolling of the statute of limitations contained in AEDPA due to mistakes made by his attorney.  Specifically, Petitioner argues that because his appellate attorney failed to notify him of the denial of his appeal, that he was prohibited from filing his third PCRA petition or a federal petition for a writ of habeas corpus in a timely manner.

B.       **Respondent's Response to Petitioner's Objections**

With respect to Petitioner's first objection, the Respondent argues first that the R&R did not imply that the statute had begun to run prior to Petitioner's judgment becoming final, and secondly, that the R&R correctly found that Petitioner's third PCRA petition did not toll the statute because the state court ruled that this petition was untimely.

With respect to Petitioner's second objection, the Respondent argues that Petitioner is mistaken because he calculates the date his judgment became final using the amount of time he had to petition the U.S. Supreme Court for certiorari when he was not entitled to make such a

petition because he had failed to seek allocatur in the Pennsylvania Supreme Court.

With respect to Petitioner's third objection, the Respondent argues that, in general,

attorney error alone is not a basis for equitable tolling of the statute.  The Respondent further

argues that Petitioner is ineligible for equitable tolling because he failed to exercise due diligence

in ascertaining the status of his appeals.

## IV.   Standard of Review

In ruling on objections to the R&R of a United States Magistrate Judge, this Court

reviews de novo only the findings of the R&R that a Petitioner specifically objects to.  28 U.S.C.

§ 636(b)(1); see also Fed. R. Civ. P. 72.  Petitioner objects to the finding by the R&R that

Petitioner's Petition is time-barred.  28 U.S.C. § 2244(d) provides that:

> (1) [a] 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of
>> direct review or the expiration of the time for seeking such review. . . .
> (2) The time during which a properly filed application for State post-conviction
> or other collateral review with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of limitation under this
> subsection.

Additionally, the Third Circuit has held that this statute of limitation is subject to

equitable tolling in circumstances where "the petitioner has in some extraordinary way. . .

been prevented from asserting his or her rights. . . [and] show[n] that he or she exercised

reasonable diligence in investigating and bringing the claims."  Miller v. N.J. State Dept.

of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (internal quotations and citations

omitted).

When reviewing documents filed pro se a court must keep in mind that "[a]

document filed <u>pro se</u> is 'to be liberally construed.'" <u>Erickson v. Pardus</u>, 127 S.Ct. 2197,

2200 (2007) (Quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

## V.    <u>Discussion</u>

### A.    <u>Petitioner's First Objection</u>

Petitioner's first objection is to the statement of the facts that is contained in the R&R.  In

particular, he argues that the R&R implies that the statute of limitations began to run prior to his

judgment becoming final and that the R&R was incorrect in its finding that his third PCRA

petition did not toll the AEDPA statute of limitations.  The facts contained within the R&R are

correct and Petitioner's argument, that the statute began to run before a final judgment, is

incorrect.  According to the R&R, the statute of limitations for a § 2254 Petition, began to run

thirty days after the conclusion of his second appeal, on March 23, 2003, following the

affirmance of his conviction by the Pennsylvania Superior Court on February 20, 2003.  This is

the correct calculation of when Petitioner's judgment became final and the R&R was correct in

stating that the § 2254 one-year statute ran from that date.

With respect to Petitioner's third PCRA petition, the R&R is correct in its finding that it

did not toll the federal statute of limitations.  28 U.S.C. § 2244 is explicit that only a "properly

filed" state court petition for post trial review will toll the statue of limitations.  Petitioner's third

PCRA petition was dismissed as untimely under state law, and thus it did not toll the statute of

limitations.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 413 (2005).  Therefore, Petitioner's first

objection is rejected.

### B.    <u>Petitioner's Second Objection</u>

Petitioner's second objection is to the R&R's calculation of the date on which his

judgment became final.  According to the R&R, Petitioner's judgment became final on March

23, 2003, after the time period during which he had the option of seeking the Pennsylvania

Supreme Court's allocatur review of the Pennsylvania Superior Court's affirmance of his

conviction.  Petitioner argues that this is a flawed calculation because it does not take into

account the ninety days in which he could have sought review of the U.S. Supreme Court.  This

argument is incorrect however.  Petitioner was not entitled to seek review by the U.S. Supreme

Court because he never sought review by the Pennsylvania Supreme Court.  See 28 U.S.C. §

1257(a).  Accordingly, Petitioner's second objection is without merit.

### C.        Petitioner's Third Objection

Petitioner's final objection to the R&R is that equitable tolling of the statute of limitations

would have been appropriate in this case.  Petitioner claims that his appellate counsel did not

inform him of the Superior Court's February 20, 2003 decision until April 13, 2004, at which

time all additional avenues of appeal or collateral attack were time-barred.  Petitioner's counsel

in that appeal, Mary Ann Swift, acknowledges this oversight and states that it was due to a

serious illness that she was suffering from at the time.  Petitioner further argues that this

oversight amounted to ineffective assistance of counsel and that this should be considered when

deciding whether or not to equitably toll the statute.

The R&R dismissed the possibility of equitable tolling, stating that Petitioner was not

eligible because

> "[t]he Third Circuit has set forth three circumstances permitting equitable tolling:
> (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some
> extraordinary way been prevented from asserting his rights; or (3) if the plaintiff
> has timely asserted his rights, but has mistakenly done so in the wrong forum.
> Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted).

(Doc. No. 8 at 7.)  The R&R held that Petitioner did not fall into one of these categories.

While it is true that in Jones the Third Circuit did make reference to those three

circumstances, it said that these were examples of situations where equitable tolling "may

be appropriate" and went on to list other such situations such as "when a claimant

received inadequate notice of her right to file suit, where a motion for appointment of

counsel is pending, or where the court has misled the plaintiff into believing that she had

done everything required of her."  Jones, 195 F.3d at 159 (quoting Seitzinger v. Reading

Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999)).

      The R&R nevertheless reaches the correct conclusion – the Petitioner in this

matter is not entitled to equitable tolling.  "The law is clear that courts must be sparing in

their use of equitable tolling," and the circumstances facing Petitioner do not provide a

sufficient reason to use this extraordinary remedy.  Seitzinger, 165 F.3d at 239.

Petitioners' allegation that his counsel did not inform him of the result of his appeal does

not provide such a reason.  The Respondent is correct in stating that in non-capital cases

attorney error alone is not a sufficient basis for allowing equitable tolling.  Fahy v. Horn,

240 F.3d 239, 244 (3d Cir. 2001).  Indeed, the Third Circuit has explicitly held that an

attorney's failure to notify a client of an appeal does not rise to the level of "extraordinary

circumstances" necessary for equitable tolling.  LaCava v. Kyler, 398 F.3d 271, 276 (3d

Cir. 2005).

      The Respondent is also correct in its argument that Petitioner did not meet his

obligation to be diligent in pursuing his appeals by failing to contact his attorney for over

two years after his appeal was filed.  Pace v. DiGuglielmo, 544 U.S. 408, 518 (2005)

(holding that in order to qualify for equitable tolling under AEDPA a petitioner must

show "that he has been pursuing his rights diligently").  While there can be no doubt that

Petitioner's case has had a long and somewhat confusing history, it is this Court's

conclusion that these circumstances do not justify equitable tolling.  See Baldwin County

Welcome Center v. Brown, 466 U.S. 147, 152 (1984) ("[p]rocedural requirements

established by Congress for gaining access to the federal courts are not to be disregarded

by courts out of a vague sympathy for particular litigants").

## VI.     Conclusion

For the reasons stated above, this Court adopts the R&R and denies Petitioner' Petition

for Writ of Habeas Corpus.

An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSHALL CARMICHAEL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | N0. 07-3993 |
| GERALD L. ROZUM, et al | : | |

## ORDER

AND NOW, this          day of July, 2008, for the reasons set forth above, it is hereby

ORDERED as follows:

1.      The Report and Recommendation of the Magistrate Judge Jacob P. Hart dated

December 18, 2007 (Doc. No. 8) is APPROVED and ADOPTED.

2.      The Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED with prejudice

and DISMISSED without an evidentiary hearing.

3.      There is no probable cause to issue a certificate of appealability.

4.      The Clerk shall close this case.


                              BY THE COURT:


                               /s/ Michael Baylson
                              Michael M. Baylson, U.S.D.J.


A:\07-3993 Carmichael v. Rozum - Memorandum R&R.wpd